# UNTIED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 22-00009 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| SCOTTY LATIOLAIS | MAGISTRATE JUDGE AYO |

## MEMORANDUM ORDER

On October 27, 2025, Defendant Scotty Latiolais ("Latiolais") filed a Motion Requesting Credit for Back Time. See Record Document 76. Latiolais is asking the Court to give him credit for the "back time" – 13 months – he spent in jail prior to sentencing. See id.

The Court has no authority to grant Latiolais the relief he requests. Pursuant to 18 U.S.C. § 3585(b), the Attorney General, through the Bureau of Prisons ("BOP"), is charged with calculating a defendant's credit for any time served in federal custody prior to sentencing. If a defendant wishes to challenge this calculation, he must, first, exhaust his available administrative remedies through the BOP before litigating in federal court. See United States v. Wilson, 503 U.S. 329, 335, 112 S.Ct. 1351, 1354–55 (1992). After exhaustion of all administrative remedies, the defendant may then seek review in federal court by filing a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the district where he is incarcerated. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). In this case, Latiolais has made no showing that he has exhausted his administrative remedies through the BOP.

Accordingly,

**IT IS ORDERED** that Latiolais's Motion Requesting Credit for Back Time (Record Document 76) be and is **DENIED WITHOUT PREJUDICE** to his right to re-file after he has exhausted his administrative remedies with the BOP.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, on this the 29th day of October, 2025.

_____
United States District Judge